# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNIE ALLEN LIPPS,<br><br>    Plaintiff,<br><br>v.<br><br>FRESNO COUNTY JAIL,<br><br>    Defendant.<br>_____/ | 1:11-cv-00552-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION FOR DISMISSAL OF PLAINTIFF'S COMPLAINT<br><br>OBJECTIONS DUE SEPTEMBER 9, 2011 |

      Plaintiff Ernie Allen Lipps ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

      Plaintiff initiated this action on April 4, 2011. (ECF No. 1.) On April 19, 2011, the Court's April 13, 2011 Order was returned by the U.S. Postal Service as undeliverable to Plaintiff. Over 63 days have passed and Plaintiff has not provided the Court with a new address or otherwise responded.

      Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff <u>in propria persona</u> by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

1  In the instant case, over 63 days have passed since Plaintiff's mail was returned, and he
2  has not notified the Court of a current address

3        A court may dismiss an action, with prejudice, based on a party's failure to
4  prosecute an action, failure to obey a court order, or failure to comply with local rules.  See,
5  e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with
6  local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure
7  to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d
8  1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro
9  se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d
10 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v.
11 Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure
12 to comply with local rules).  Plaintiff's failure to respond or otherwise proceed with this
13 action constitutes a lack of prosecution.

14       In determining whether to dismiss an action for lack of prosecution, a court must
15 consider several factors: (1) the public's interest in expeditious resolution of litigation; (2)
16 the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the
17 public policy favoring disposition of cases on their merits; and (5) the availability of less
18 drastic sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v.
19 King, 856 F.2d 1439 (9th Cir. 1988).  The Court finds that the public's interest in
20 expeditiously resolving this litigation and the Court's interest in managing its docket weigh
21 in favor of dismissal.  The Court cannot hold this case in abeyance indefinitely based on
22 Plaintiff's failure to notify the Court of his address.  The third factor, risk of prejudice to
23 defendants, also weighs in favor of dismissal, since a presumption of injury arises from the
24 occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542
25 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of
26 cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed
27 herein. Finally, given the Court's inability to communicate with Plaintiff based on Plaintiff's
28 failure to keep the Court apprised of his current address, no lesser sanction is feasible.

**Accordingly,** it is **RECOMMENDED** that this action be **DISMISSED** without prejudice based on Plaintiff's failure to prosecute.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Not later than September 9, 2011, Plaintiff may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 10, 2011         /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE