UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNIE ALLEN LIPPS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FRESNO COUNTY JAIL,<br><br>　　　　Defendant.<br>_____/ | 1:11-cv-00552-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION FOR DISMISSAL OF PLAINTIFF'S COMPLAINT<br><br>OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

　　　　Plaintiff Ernie Allen Lipps ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Plaintiff initiated this action on April 4, 2011. (ECF No. 1.) On April 19, 2011, an Order of this Court dated April 13, 2011 was returned by the U.S. Postal Service as undeliverable to Plaintiff. Over 63 days passed thereafter without Plaintiff providing the Court with a new address or otherwise responding. Pursuant to Local Rule 110, on August 10, 2011, the Court then issued a Findings and Recommendation recommending that this action be dismissed for failure to prosecute. (ECF No. 6.) Plaintiff filed a Notice during the objections period and informed the Court that he was homeless, but was due to be sentenced (and presumably assented to a facility) on or around August 29, 2011. (Id.) The Court revoked the Findings and Recommendation on September 13, 2011, and gave Plaintiff another 30 days to provide a new address to the Court. (ECF No. 8.) This Order

also was returned by the U.S. Postal Service as undeliverable.  Since the Court's September 13, 2011 Order, Plaintiff has not contacted the Court or provided the Court with a new address.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a Court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of

1  dismissal.  The third factor, risk of prejudice to the defendant, also weighs in favor of
2  dismissal, since a presumption of injury arises from the occurrence of unreasonable
3  delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.
4  1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is
5  greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a
6  court's warning to a party that his failure to obey the court's order will result in dismissal
7  satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at
8  1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court has notified
9  Plaintiff several times that this action would be dismissed if he did not provide the Court
10 with a current address.  (ECF No. 6; ECF No. 8.)  Thus, Plaintiff had adequate warning
11 that dismissal would result from his noncompliance with the Court's Order.
12       Accordingly, it is **RECOMMENDED** that in the event that Plaintiff does not notify
13 the Court in writing of his address to which mail be sent, within **fourteen (14) days** of
14 entry of this Order, this matter be **DISMISSED by the District Judge**.
15       These Findings and Recommendation are submitted to the United States District
16 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).
17 Within thirty days after being served with these findings and recommendations, any
18 party may file written objections with the court and serve a copy on all parties.  Such a
19 document should be captioned "Objections to Magistrate Judge's Findings and
20 Recommendations."  Any reply to the objections shall be served and filed within ten
21 days after service of the objections.  The parties are advised that failure to file
22 objections within the specified time may waive the right to appeal the District Court's
23 order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
24
25 IT IS SO ORDERED.
26 Dated:   October 30, 2011           /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE
27
28